UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JOSEPHINE CHAPPLE,

     Plaintiff,       DECISION AND ORDER

  - against -         1:03-cv-04989-ENV-JA

FAHNESTOCK & CO., INC., ROBERT PELHAM,
 and ERIC SHAMES,

     Defendants.

-----------------------------------------------------------X

VITALIANO, D.J.

  Defendants Fahnestock & Co., Inc., Robert Pelham, and Eric Shames move for summary judgment pursuant to Federal Rule of Civil Procedure 56 in this employment discrimination action. For the reasons stated below, defendants' motion is granted to the extent indicated.

## Facts and Procedural History

  Plaintiff initiated this employment discrimination suit pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, the New York State Human Rights Law, the New York State Constitution, and the Thirteenth and Fourteenth Amendments to the United States Constitution on September 30, 2003, alleging that she had been sexually harassed by defendants Pelham and Shames, retaliated against in the workplace, and wrongfully terminated. With consent of defendants, plaintiff withdrew her Thirteenth and Fourteenth Amendment claims pursuant to Rule 41 (a) (1) on April 12, 2004. Defendants then moved to

dismiss the § 1981 claims, the New York Human Rights Law and New York Constitution claims, the Title VII claims against the individual defendants Pelham and Shames, and the claims against defendant Fahnestock premised upon the alleged actions of defendant Shames. Plaintiff did not oppose the motion as to the § 1981 claims, the New York Constitution claims, and the Title VII claims brought against individual defendants Pelham and Shames. District Judge Nicholas G. Garaufis granted defendants' motion to dismiss as to § 1981 claims, the New York Constitution claims, and the Title VII claims against Pelham and Shames individually, but denied the motion as to the claims brought pursuant to the New York Human Rights Law and against Fahnestock for the alleged conduct of Shames. Defendants answered on August 2, 2004. The matter was reassigned to this Court on March 23, 2006.

During the pendancy of these proceedings and while represented by independent counsel, plaintiff filed a voluntary petition for Chapter 7 bankruptcy on June 7, 2004. Plaintiff acknowledges that she did not identify the pending lawsuit against defendants as a potential asset on her bankruptcy petition. Plaintiff was granted a no asset discharge on November 18, 2004. By letter of April 24, 2006, plaintiff's counsel in the instant matter advised the Court that he had first learned of plaintiff's bankruptcy petition on March 30, 2006 from defendants and subsequently asked the trustee to move to reopen the bankruptcy matter. Defendants requested a pre-motion conference with this Court on April 28, 2006 prior to moving for summary judgment. By order of May 12, 2006, this Court set a briefing schedule. Defendants filed the fully briefed motion on June 16, 2006.

As the parties were briefing this motion, the trustee moved to vacate the final decree and

reopen plaintiff's bankruptcy matter pursuant to 11 U.S.C. § 350 (b), which allows a case to "be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." On August 14, 2006, Bankruptcy Judge Elizabeth S. Stong granted the motion and further ordered that defendants in this matter be given notice if plaintiff "should move to convert or dismiss this [bankruptcy] case." See In Re Josephine Chapple, No. 04-18395 (Bankr. E.D.N.Y. Aug. 14, 2006).

## Discussion

Federal Rule of Civil Procedure 56 (c) provides for the grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The instant matter is, however, less about meeting the threshold for summary judgment than the rationale behind preventing a debtor from pursuing a claim she failed to identify on her bankruptcy petition. Defendants contend–and plaintiff does not dispute–that she was obligated to identify the current lawsuit as a potential asset when filing her bankruptcy petition. See 11 U.S.C. § 521 (1). Defendants argue that they should be granted summary judgment both because plaintiff no longer has standing to pursue the instant action and because she is judicially estopped from pursuing this claim due to the omission on the bankruptcy petition. In light of the Court's disposition of this motion on the ground of plaintiff's lack of standing, it is not necessary to reach the question of whether plaintiff is also judicially estopped from pursuing her claims.

3

Standing

Defendants correctly argue that, once plaintiff filed for bankruptcy, she lost the capacity to pursue these employment discrimination claims in her own right. Pursuant to 11 U.S.C. § 541 (a) (1), all of petitioner's assets–whether legal or equitable interests in property–became the property of her bankruptcy estate upon filing. Causes of action are thus also assets of the estate. See Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513, 515 (2d Cir. 1998); Rosenshein v. Kleban, 918 F.Supp. 98, 102 (S.D.N.Y. 1996). Once appointed, it is the trustee who, as the sole representative of the estate, is charged with responsibility for administering estate property and has the capacity to sue on its behalf. See 11 U.S.C. §§ 323, 704.

The fact that the pending causes of action were not scheduled as bankruptcy assets does not save plaintiff. Unlike scheduled assets not administered in bankruptcy, unscheduled assets that are not administered are also not automatically abandoned by the estate. More critically, "property of the estate that is not abandoned ... and that is not administered in the case remains property of the estate," 11 U.S.C. § 554 (d). See In re Costello, 255 B.R. 110, 113 (Bankr. E.D.N.Y. 2000); Kunica v. St. Jean Financial, Inc., 233 B.R. 46, 53-54 (S.D.N.Y. 1999); In re Drexel Burnham Lambert, 160 B.R. 508, 514 (S.D.N.Y. 1993). Accordingly, were he to so choose, the bankruptcy trustee would have standing to pursue plaintiff's claims on behalf of the estate and the estate's creditors. Plaintiff, however, no longer has such standing.

The fact plaintiff no longer has standing, on the other hand, does not mean this action must end now. As it was the bankruptcy trustee who petitioned the Bankruptcy Court to vacate

4

the final decree and to reopen plaintiff's bankruptcy proceeding, the Court is inclined to believe the trustee might have an interest in pursuing plaintiff's employment discrimination claims. Federal Rule of Civil Procedure 17 (a) allows the trustee to be substituted for the plaintiff in this action. See Kassner v. 2nd Avenue Delicatessen, Inc., 2005 WL 1018187, *4 (S.D.N.Y. 2005) ("Instead of dismissing the debtor's case, it is generally preferable to permit the bankruptcy trustee to be substituted, as the named plaintiff, in place of the debtor."); Kohlbrenner v. Victor Belata Belting Co., Inc., 1998 WL 328639, *2 (W.D.N.Y. 1998) ("Where a former debtor commences an action and asserts claims that belong to her bankruptcy estate, the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate in the place and stead of the former debtor."). As the Second Circuit held in Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997), a "Rule 17 (a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants" (internal quotations omitted). Thus, plaintiff's lack of standing is not necessarily fatal to the instant action, which has already been pending for almost three years with discovery now completed. Therefore, the trustee in bankruptcy must be given the opportunity to determine whether he will seek to be substituted as provided in Rule 17 (a).

## Conclusion

For the reasons stated above, defendants' motion for summary judgment is granted to the extent that plaintiff's complaint is dismissed with prejudice unless within 60 days from the date

5

of this Order the bankruptcy trustee appointed in the Chapter 7 proceeding brought by plaintiff, In Re Josephine Chapple, No. 04-18395 (Bankr. E.D.N.Y. filed June 7, 2004), moves to be substituted for plaintiff in this action.

It is further ordered that defendants shall serve on or before September 6, 2006 a copy of this Decision and Order on the trustee in bankruptcy and file a copy of this Decision and Order with the Clerk of the Bankruptcy Court and that it shall be made a part of the file in In Re Josephine Chapple, No. 04-18395 (Bankr. E.D.N.Y. filed June 7, 2004). Any request for an extension of time to complete substitution of parties will be considered only upon application of the trustee in bankruptcy. Judgment is stayed for 60 days unless the Court shall order otherwise.

SO ORDERED

DATED: Brooklyn, New York
September 1, 2006

/signed/
ERIC N. VITALIANO
U.S.D.J.