UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
Josephine Chapple,

          Plaintiff,  <u>MEMORANDUM RULING</u>
   -against-         <u>AND ORDER</u>
               Case No. 03-4989 (TLM)
Fahnestock & Co., Inc. et al.,

         Defendants,
------------------------------------------------------------- X

**TUCKER L. MELANÇON, Senior United States District Judge:**

  Before the Court are defendants Oppenheimer & Co., Inc. f/k/a Fahnestock & Co., Inc., Robert Pelham and Eric Shames's Motion in Limine to exclude evidence of state court actions against defendants Oppenheimer and Shames [Rec. Doc. 142] and plaintiff's Memorandum in Opposition thereto [Rec. Doc. 146]. For the reasons that follow, defendants' Motion will be GRANTED.

**I. Background**

  Plaintiff was hired by Fahnestock & Co., Inc. as a securities brokerage sales assistant in October 2001. While plaintiff was working under Robert Pelham, a branch manager, she was allegedly subjected to unwanted sexual harassment by Pelham. Plaintiff complained to human resources and was reassigned first to several other brokers and then, in April 2002, to the Office of General Counsel, where she was supervised by Eric Shames. Shames allegedly made unwanted sexual advances toward plaintiff. In August 2002, plaintiff requested and received a transfer out of Shames' department, and she started working in the financial services department on August 19, 2002. Plaintiff alleges that when Shames found out about her request for a transfer he was furious and claimed that he would have her fired. Plaintiff was terminated that same day. Plaintiff brought

1

claims for discrimination (specifically, "hostile work environment") and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and New York State Executive Law § 296.

## II.     Discussion

Defendants move to exclude evidence of the fact that three sexual harassment lawsuits were brought by other women against defendants Oppenheimer & Co., Inc. and Shames in New York state court, and to exclude evidence relating to the efforts of the defense attorneys in those actions to withdraw as counsel for Shames. Plaintiff argues that the allegations made in the state court lawsuits, and therefore the details of the proceedings themselves, are relevant in this matter. Plaintiff argues further that the details of defense attorneys' efforts to withdraw as Shames's counsel are admissible because they bear on Shames' credibility.

"Because the crucial inquiry [in "hostile work environment" claims] focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir.2000). Therefore, as plaintiff alleges that she was subjected to a hostile work environment, she may introduce evidence relating to sexual harassment perpetrated by defendant Shames against other women. Plaintiff may, and has indicated that she will, call other women who claim to have been subjected to harassment by defendant Shames as witnesses. *See* Plaintiff's Will Call Witness List [Rec. Doc. 157].

However, evidence relating to the fact that those women brought lawsuits against defendants Oppenheimer & Co., Inc. and Shames may not be introduced, as the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits. Any probative value that the

2

details of the proceedings in those lawsuits might have is substantially outweighed by the danger of unfair prejudice were those details to be presented to the jury.  *See* Fed. R. Evid. 403.  Similarly, evidence relating to the efforts of the defense attorneys in those actions to withdraw as counsel for Shames would be confusing and prejudicial, in light of the fact that the motives of the various parties and attorneys as that litigation unfolded would be difficult to ascertain, result in a trial within a trial, and inevitably become the subject of wild speculation.  Evidence relating to the attorney-client relationship between Shames and any of the defense attorneys in any of the state court lawsuits may not be introduced, as any probative value that such evidence may have is substantially outweighed by the danger of unfair prejudice were it to be presented to the jury.  *See* Fed. R. Evid. 403.

### III. Conclusion

Based on the foregoing, it is

**ORDERED** that defendants' Motion in Limine to exclude evidence of the fact that three sexual harassment lawsuits were brought by other women against defendants Oppenheimer & Co., Inc. and Shames in New York state court, and to exclude evidence relating to the efforts of the defense attorneys in those actions to withdraw as counsel for Shames [Rec. Doc. 142] is GRANTED.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　Tucker L. Melançon
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

August 5, 2010
Brooklyn, NY